IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01637-LTB-KLM

KIMBERLY VELEZ,

    Plaintiff,

v.

NURSE ALICIA (Unit 6 Nurse at D.W.C.F.),

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 17; Filed October 29, 2010] (the "Motion"). Despite being given an extension of time to file a response [Docket No. 20], and being directed to file a response by the extended deadline, Plaintiff has failed to do so.[1] Accordingly, the Motion is fully briefed and ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, the entire case file, the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court

---

[1] Dismissal of Plaintiff's case may be appropriate based on Plaintiff's failure to follow the Court's Order. *See* Fed. R. Civ. P. 41(b). While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See, e.g.,* D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision). Given the judicial system's strong preference for resolving cases on their merits, the Court considers the Motion on its merits.

respectfully **RECOMMENDS** that the Motion be **GRANTED**.

## I. Summary of the Case

Plaintiff, who is proceeding *pro se*, is currently incarcerated at the Denver Women's Correctional Facility ("DWCF") in Denver, Colorado [Docket No. 15]. In July 2010, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 asserting that Defendant was deliberately indifferent to a serious medical need. *Complaint* [#3] at 3-4.

The entirety of Plaintiff's allegations against Defendant read as follows:

> On Thursday May 27, 2010 At around 8:07 am i had called up to unit 6 control center from the intercom in my cell because i was shaking pretty bad and i was having pain in my body. Officer Escobar called the nurse, which was nurse Alicia and told her about my Issue's and she refuse to come see me. I got upset and i was scared because i was shaking and i have seizure's. I felt the nurse was wrong for not coming to see me. If i would've caught a seizure or slipt into a comma then what. I was in pain all day and shaking.
>
> . . . .
>
> I am suing for Refusing medical treatment.

*Id.* at 3-4 (errors in original).

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts

to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft*,129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Pursuant to the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As such, the Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The Court's analysis of Plaintiff's Eighth Amendment claim involves both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation. "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations omitted). Here, the issue is Defendant's alleged refusal to examine Plaintiff one day when she was shaking and in pain. "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a

physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.'" *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2001)).

As to the subjective component, the Court considers whether Defendant intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. *See id.* The subjective element can only be proved by showing that Defendant knew of and disregarded an excessive risk to a prisoner's health or safety when he was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," *and* he actually drew that inference. *Farmer*, 511 U.S. at 837.

Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, "a complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("[A] mere difference of opinion between the prison's medical staff and the inmate as to the . . . treatment which the inmate receives does not support a claim of cruel and unusual punishment."). Further, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."). Finally, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired. *Callahan v. Poppell*, 471 F.3d

1155, 1160 (10th Cir. 2006).  "[A] prison doctor remains free to exercise his or her independent professional judgment," *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview," *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107).

As noted above, Plaintiff's sole allegation is that Defendant refused to treat Plaintiff one day when she was shaking and in pain.  Plaintiff contends that because she could have ultimately had a seizure or slipped into a coma, Defendant's conduct constitutes a constitutional deprivation.  I disagree.  First, I find that Plaintiff has failed to plausibly allege that she suffered from an objectively serious injury.  Plaintiff does not contend that she has been diagnosed with any illness that causes seizures or that shaking could reasonably result in a coma.  In fact, neither of these conditions actually resulted.  I note that Plaintiff was indisposed for no more than a day and she does not allege that she has had any lasting effects or discomfort from the unexplained incident.  Further, I note that Plaintiff does not contend that her condition was obviously serious to a lay person.

Second, even if Plaintiff's vague contention that "i have seizures" means that she has a history of seizures such that her shaking could be viewed as an objectively serious condition, I find that Plaintiff has failed to plausibly allege that Defendant was deliberately indifferent to that condition.  First, assuming that Plaintiff has a history of seizures, she does not contend that Defendant was aware of this history.  According to the Complaint, Defendant was informed that Plaintiff was shaking and in pain.  Defendant's decision not to immediately treat Plaintiff, while upsetting to Plaintiff, does not evidence the type of

serious neglect that is meant to be addressed by the Eighth Amendment in this context.

> The subjective component of a deliberate indifference claim requires an inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment. It is not enough to allege that prison official failed to alleviate a significant risk that [they] should have perceived but did not. To show the requisite indifference, [the prisoner] must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.

*Kikumura v. Osagie*, 461 F.3d 1269, 1291-93 (10th Cir. 2006) (citations omitted). At most, Plaintiff's Complaint contends that Defendant was informed by prison staff about the "Issues" Plaintiff was experiencing, but it fails to assert that Defendant had a culpable state of mind or that harm resulted from Defendant's decision, in her medical judgment, not to treat Plaintiff. *Complaint* [#3] at 3. Because "[t]he subjective component is not satisfied[] absent an extraordinary degree of neglect," the Court finds that the conduct and knowledge attributed to Defendant fails to support a finding of deliberate indifference. *See Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

Finally, to the extent that Defendant's conduct could be viewed as a delay in providing medical care, a constitutional injury is only implicated where the delay causes substantial harm. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Here, Plaintiff does not allege that she suffered any substantial harm, only that, at the time, she feared she could. Such does not plausibly allege a constitutional violation. *See, e.g., Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2008) (noting that "not every twinge of pain suffered as the result of delay in medical care is actionable").

## IV. Conclusion

Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED**

and the case against Defendant **dismissed with prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 20, 2010

                                          BY THE COURT:
                                           s/ Kristen L. Mix
                                          U.S. Magistrate Judge
                                          Kristen L. Mix